IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-550

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

GLEN A STEWART,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff United States Securities and Exchange Commission ("Commission" or "SEC") alleges as follows against Defendant Glen A. Stewart ("Stewart" or "Defendant"):

## SUMMARY

1. This matter concerns securities law violations by Glen A. Stewart in connection with the unregistered offer and sale of securities and his conduct as an unregistered securities broker. From approximately August 2017 through October 2019 (the "Relevant Period"), Stewart offered and sold convertible debt securities issued by Wiser Investments (a Texas partnership) (the "Wiser Partnership") and equity securities issued by its successor entity Wiser Investments, Inc. (a Colorado corporation) (the "Wiser Corporation" and, collectively with the Wiser Partnership, "Wiser"), raising at least $558,867 from approximately 39 retail investors. In connection with these sales, Stewart received $45,853.50 in transaction-based compensation.

2.      At the time Stewart offered and sold Wiser securities to investors, the offering was not registered with the Commission and was not exempt from registration, and Stewart was not registered as a broker or dealer with the Commission or associated with a registered broker-dealer.

3.      As a result of the conduct described herein, Defendant Stewart violated and, unless restrained and enjoined, will continue to violate Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) & (c)] and Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)].

4.      The SEC seeks a permanent injunction against Stewart, enjoining him from future violations of Sections 5(a) and (c) of the Securities Act and Section 15(a)(1) of the Exchange Act, disgorgement of ill-gotten gains together with pre-judgment interest, a civil penalty, and such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a)], and Sections 21(d)(1), 21(e), and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d)(1), 78u(e), and 78aa(a)].

6.      This Court has personal jurisdiction over the Defendant and venue is proper in the District of Colorado because the Defendant resides in this District and the Defendant transacted business in this District relating to the offer and sale of Wiser securities.

7.      Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and of the mails.

## DEFENDANT

8.     **Glen A. Stewart**, age 41, is a resident of Aurora, Colorado.  During the Relevant Period, Stewart was a general partner of the Wiser Partnership and the co-founder and CEO of its successor entity, the Wiser Corporation.  Stewart is not currently registered as a broker or dealer with the Commission or the Financial Industry Regulatory Authority ("FINRA"), nor was he during the Relevant Period.  Stewart was previously associated with various registered broker-dealers from approximately January 26, 2010, until November 18, 2015.

## FACTS

### I.     Wiser's Business and Securities Offering

9.     From approximately August 2017 through October 2019, Wiser raised at least $558,867 from approximately 39 investors through the sale of convertible notes and common stock.  Wiser's securities offering was not registered with the Commission or any state and was not exempt from registration, and Wiser did not file a Form D with respect to its offerings.

10.    During the Relevant Period, the Wiser Partnership, and then its successor entity, the Wiser Corporation, bought low-value residential properties (mostly in Colorado and Nebraska), typically repaired or renovated them, and then sold them under "contracts-for-deed," in which the buyer makes installment payments until the purchase price and interest are fully paid.  Wiser anticipated generating profits by collecting income streams from the contracts-for-deed sales that exceeded its costs to acquire and renovate the properties.

11.    Stewart and his father initially used their own money to start and operate the Wiser Partnership and were its only partners for more than a decade, before determining the

company could grow faster by raising additional capital through the sale of securities to outside investors.

12. Beginning in or about August 2017, Stewart offered and sold promissory notes issued by the Wiser Partnership (the "Wiser Notes") in anticipation of later converting the Wiser Partnership into a corporation that could issue and sell stock. In fact, by their terms, under certain circumstances, the Wiser Notes were convertible to equity interests in a successor entity.

13. In September 2018, Stewart formed the Wiser Corporation. The Wiser Corporation assumed all of the assets and liabilities of the Wiser Partnership, which was then wound down and ceased to operate as a going concern.

14. Stewart and Wiser converted all of the outstanding Wiser Notes into stock in the Wiser Corporation ("Wiser Stock"), typically at a rate of 1.2 shares per $1 invested in notes (or about $0.83/share).

15. Stewart continued to offer and sell securities for the Wiser Corporation through the sale of Wiser Stock until approximately October 2019.

16. Stewart, through the two Wiser entities, engaged in a continuous, unbroken effort to raise funds to expand a single, unified line of business—Wiser's contracts-for-deed business. Stewart's fundraising efforts on behalf of the Wiser Partnership and the Wiser Corporation through the sale of Wiser Notes and Wiser Stock, respectively, were virtually identical: for both, he used a virtually identical two-page prospectus to describe the investment opportunity to prospective investors; funds raised for both entities were used to purchase residential real estate that was later sold under 30-year contracts-for-deed; Wiser only maintained one set of financial records that appears to have commingled and did not differentiate between contracts sold by the

Wiser Partnership and the Wiser Corporation; and the Wiser Corporation's financial records treated the investor capital from the sale of Wiser Notes issued by the Wiser Partnership and from the sale of Wiser Stock issued by the Wiser Corporation equally after the Wiser Notes were converted to Wiser Stock.

## II.   Stewart Offered and Sold Wiser Securities and Acted as an Unregistered Broker.

### A.   *Unregistered Securities Offering*

17.   Stewart offered and sold Wiser Notes and Wiser Stock, which are both "securities" as defined in Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act [15 U.S.C. §§ 77b(a)(1) and 78c(a)(10)].  Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)] each define "security" to include, among other things, "any note," "stock," "investment contract," "or in general, any instrument commonly known as a 'security.'"  The Wiser Partnership's convertible debt qualified as securities under the Securities Act as both "note[s]" and "investment contract[s]."  The Wiser Corporation's common stock are securities because they are "stock" as well as instruments commonly known as securities.

18.   Stewart engaged in the offer and sale of securities in the form of Wiser Notes and Wiser Stock to individuals and entities located in at least two different states.  None of the exemptions in the definition of "sale" or "sell" in Securities Act Section 2(a)(3) [15 U.S.C. § 77b(a)(3)] apply to Stewart's offers and sales of Wiser securities.

19.   Stewart was a necessary and substantial factor in the Wiser securities offering.

20. Stewart, as a principal of Wiser, directly participated in the offering and prepared or approved the offering materials that were distributed to investors. As such his actions were integral to the success of the offerings.

21. No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities offered and sold by Stewart as described herein, and no exemption from registration existed with respect to the securities offering.

### B. Stewart Acted as an Unregistered Broker

22. Stewart acted as a "broker" as defined in Section 3(a)(4)(A) of the Exchange Act [15 U.S.C. § 78c(a)(4)(A)].

23. Stewart offered and sold more than $550,000 in Wiser securities to dozens of investors in multiple states.

24. Stewart identified most of Wiser's outside investors through his tax advisory company (which is not a legal entity, but Stewart's sole proprietorship). Stewart actively solicited investors to purchase Wiser securities by conducting sales meetings and advising prospective investors on the merits of the investment. He provided prospective investors with a copy of the promotional prospectus and a purchase agreement, and described the company's business model. Stewart executed the bulk of the paperwork on behalf of the company, and to the extent any negotiations took place, he typically negotiated the terms on behalf of Wiser. Stewart accepted investor payments and deposited them into Wiser's bank account.

25. Upon receipt of each investment, Wiser typically paid Stewart transaction-based compensation in the form of a "performance bonus" equal to 10% of an investor's investment amount. The checks from Wiser to Stewart usually referenced the investor and the amount

invested and were paid the same day the investment was received or deposited.  In total, between August 2017 and June 2019, Stewart received at least $45,853.50 in transaction-based compensation tied to investors' purchases of securities from Wiser in more than 50 transactions.

26. During the Relevant Period, Stewart was not registered with the Commission as a broker or associated with a broker-dealer registered with the Commission.

### C. *Stewart Made Use of Interstate Commerce to Offer and Sell Securities and While Acting as an Unregistered Broker*

27. Stewart made use of means or instruments of transportation or communication in interstate commerce or of the mails to offer and sell Wiser securities.  For example, in at least one instance, Stewart approved including the prospectus with other materials sent to investors using the U.S. mails.

28. Most of Wiser's investors are Colorado residents, but at least two resided in Nebraska at the time of their investment and indicated that they lived in Nebraska on their investment paperwork.

29. In addition, Stewart called a number of out-of-state institutional investors to solicit investments in Wiser.

30. By October 2019, Wiser had created a publicly available website that invited investment inquiries from the general public.  Stewart, as CEO of Wiser, approved the development of the Wiser website.

**FIRST CLAIM FOR RELIEF**
**Offer and Sale of Unregistered Securities**
**Securities Act § 5(a) & (c) [15 U.S.C. § 77e(a) & (c)]**

31. The Commission realleges and incorporates by reference above paragraphs 1 through 30.

32. No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities offered and sold by the Defendant as described in this Complaint and no exemption from registration existed with respect to these securities.

33. During the Relevant Period, the Defendant directly or indirectly:

   a. made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

   b. carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

   c. made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security;

without a registration statement having been filed or being in effect with the Commission as to such securities.

34. By engaging in the conduct described above, the Defendant violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)].

**SECOND CLAIM FOR RELIEF**
**Acting as an Unregistered Broker**
**Violation of Exchange Act § 15(a) [15 U.S.C. § 78o(a)]**

35. The Commission realleges and incorporates by reference above paragraphs 1 through 30.

36.     During the Relevant Period, the Defendant, directly or indirectly, by the use of the mails or the means or instrumentalities of interstate commerce effected transactions in, or induced or attempted to induce the purchase or sale of securities, while he was not registered with the Commission as a broker or dealer or when he was not associated with an entity registered with the Commission as a broker or dealer.

37.     By engaging in the conduct described above, the Defendant violated, and unless restrained and enjoined, will continue to violate Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court:

**I.**

Find that the Defendant committed the violations alleged in this Complaint;

**II.**

Enter an Injunction, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently restraining and enjoining the Defendant from violating the laws and rules alleged against him in this Complaint;

**III.**

Order that the Defendant disgorge any and all ill-gotten gains, together with pre-judgment and post-judgment interest, derived from the activities set forth in this Complaint;

**IV.**

Order that the Defendant pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)];

## V.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and

## VI.

Grant such other relief as this Court may deem just or appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in this matter.

DATED: February 24, 2021

        Respectfully submitted,

        */s/ Nicholas P. Heinke*
        Nicholas P. Heinke
        UNITED STATES SECURITIES AND EXCHANGE COMMISSION
        1961 Stout Street, 17th Floor
        Denver, Colorado 80294
        (303) 844-1000
        HeinkeN@sec.gov
        *Counsel for Plaintiff*